IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS F. SCHMIDT, | ) CV. NO. 05-00480 DAE/KSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation; JOHN DOES 1 through 10; JANE DOES, 1 through 10; DOE CORPORATIONS, PARTNERSHIPS , and/or OTHER ENTITIES 1 through 10, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT AS A MATTER OF LAW

On August 7, 2008, Defendant Allstate Insurance Company made a motion for judgment as a matter of law and later filed a memorandum on the issue. (Doc. # 97.)  The Court heard Defendant's motion on August 7, 2008.  Michael R. Goodheart, Esq., appeared at the hearing on behalf of Plaintiff; Kevin P.H. Sumida, Esq., and Lance Au, Esq., appeared at the hearing on behalf of Defendant.  After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendant's motion for judgment as a matter of law in its favor.

## BACKGROUND

This action arises from Defendant's alleged breach of an insurance contract and bad faith for failing to provide Plaintiff, as its insured, with property loss benefits for items that were purportedly stolen on three separate occasions (May 6, 2002, December 2003-January 2004, and October 24, 2004) from two different locations.  The issues at trial were as follows:

1.  Whether Defendant breached its duty of good faith and fair dealing with respect to the loss of property Plaintiff allegedly suffered on May 6, 2002;

2.  Whether with respect to a loss of property Plaintiff allegedly suffered between December 2003 and January 2004, Defendant a) breached its duty of good faith and fair dealing, and b) breached the insurance contract; and

3.  Whether with respect to a loss of property Plaintiff allegedly suffered on October 24, 2004, Defendant a) breached its duty of good faith and fair dealing, and b) breached the insurance contract.

The first jury trial began on June 17, 2008.  However, a mistrial was declared that same day based upon Plaintiff's testimony in direct contravention of this court's order granting a motion in limine pertaining to confidential settlement offers.  The second jury trial started on August 5, 2008.  Although Plaintiff's causes of action were for breach of contract and breach of the duty of good faith

and fair dealing with respect to his insurance contract, Plaintiff did not introduce the insurance contract into evidence. In addition, Plaintiff's only evidence regarding the value of the items that were allegedly stolen was his own unsubstantiated estimate of the value provided without any for foundation.

Therefore, after Plaintiff had rested, Defendant made a motion for judgment as a matter of law.

## STANDARD OF REVIEW

The standard of review for a motion for judgment as a matter of law brought under Rule 50 of the Federal Rules of Evidence mirrors the standard of review for summary judgment motion under Rule 56. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 135 (2000). The court must review all of the evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. Id. The court must not make credibility determinations or weigh evidence, as those functions are for the jury. Id. "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." Id.

## DISCUSSION

Rule 50 of the Federal Rules of Civil Procedure provides that

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a).

In order to prove a breach of contract claim, Plaintiff must establish that a contract exists, and that Defendant failed to preform as required by the contract. See Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 476 (Haw. 2006).

In addition, every insurance policy includes an implied duty of the insurer to act in good faith in dealing with its insured. Guajardo v. AIG Haw. Ins. Co., Inc., 187 P.3d 580, 587 (Haw. 2008). In order to prove a breach of the duty of good faith and fair dealing, a plaintiff must show by a preponderance of the evidence that an insurance contract existed and the insurer unreasonably handled or unreasonably denied payment of his claim. Id. However, an insurance company's conduct based upon an interpretation of the insurance contract that is reasonable

cannot constitute bad faith.  Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 347 (Haw. 1996).  In addition, an erroneous decision not to pay a claim for benefits due under a policy does not by itself justify an award in favor of the plaintiff.  Id.  Rather, the decision not to pay a claim must be in "bad faith."  Id.  Therefore, in order to determine whether an insurer unreasonably handled a claim a jury is required to consider the terms of the underlying insurance contract to determine whether the insurer reasonably interpreted the contracted.  Guajardo, 187 P.3d at 587 (interpreting the insurance contract terms to decide whether the plaintiff could prove bad faith).

        Although Plaintiff presented evidence that some insurance contract existed, he did not move the written contract into evidence or present any other evidence regarding the terms of the contract.  Without knowing what Defendant's specific obligations were under the insurance contract, the jury cannot make a determination whether the contract was breached.  Likewise, without knowing the contract terms, the jury could not determine whether Defendant was unreasonable in handling Plaintiff's insurance claims and therefore in bad faith.  Accordingly, Plaintiff did not present a legally sufficient evidentiary basis to find in his favor on either his breach of contract claims or his bad faith claims.

Furthermore, Plaintiff has not presented reliable evidence on the amount of his damages. Plaintiff presented only his own unsubstantiated estimate of the value of the items which were stolen. Plaintiff, however, did not lay a foundation or otherwise explain how he arrived at his estimate or how he had personal knowledge that the amount he estimated was accurate and not speculation. Although lay opinion testimony on the valuation of items is appropriate under Rule 701 of the Federal Rules of Evidence, all testimony must be based upon personal knowledge. See Fed. R. Evid. R. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to prove the witness has personal knowledge of the matter."); see also Stoebner Holdings, Inc. V. Automobili Lamborghini, CV No. 06-00446 JMS, 2007 WL 4230824, at *3 (D. Haw. Nov. 30, 2007) (citing cases allowing lay opinion testimony as to value of property where a foundation was laid as to the witness's knowledge and experience). Without any basis to understand or explain Plaintiff's opinion as to the valuation of his property, the jury would be left to speculation and wild guessing as to the amount of loss Plaintiff suffered. See Dolphin Tours, Inc. v. Pacifico Creative Serv., Inc., 773 F.2d 1506, 1509-10 (9th Cir. 1985) ("To

6

establish the amount of its injury Dolphin must provide evidence such that the jury is not left to 'speculation or guesswork' in determining the amount of damages to award.").

Finally, although this Court has rarely granted such motions, this Court does so in this case because there has already been one mistrial due solely to Plaintiff's fault.  Furthermore, to allow Plaintiff to reopen his case would greatly prejudice Defendant, who has already gotten prepared for trial twice, because they would not have an opportunity to test the accuracy and validity of any new evidence Plaintiff presented as the value of the stolen property without further continuance of trial and possible additional discovery.

This Court is always reluctant to grant judgment in a case such as this without the merits of the matter having an opportunity to be tested by a jury.  On the other hand this court should apply the law and evidentiary rules consistently if they are to mean anything.  Were the court to disregard the rules and ignore the state of this record in order to avoid granting judgment as a matter of law would be engaging in result oriented jurisprudence of the worst order.

## CONCLUSION

For the reasons stated above and on the record, the Court GRANTS Defendant's Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 11, 2008.



_____
David Alan Ezra
United States District Judge

Thomas F. Schmidt vs. Allstate Insurance Company, et al., CV No. 05-00480 DAE/KSC; ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW