IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS F. SCHMIDT, | ) | CIVIL NO. 05-00480 DAE-KSC |
| | ) | |
| Plaintiff, | ) | REPORT OF SPECIAL MASTER |
| | ) | RECOMMENDING THAT |
| vs. | ) | DEFENDANT ALLSTATE |
| | ) | INSURANCE COMPANY'S MOTION |
| ALLSTATE INSURANCE COMPANY, | ) | FOR ATTORNEYS' FEES AND |
| an Illinois Corporation; | ) | COSTS BE GRANTED IN PART |
| JOHN DOES 1 through 10; | ) | AND DENIED IN PART |
| JANE DOES 1 through 10; DOE | ) | |
| CORPORATIONS, PARTNERSHIPS, | ) | |
| and/or OTHER ENTITIES 1 | ) | |
| through 10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

REPORT OF SPECIAL MASTER RECOMMENDING THAT DEFENDANT
ALLSTATE INSURANCE COMPANY'S MOTION FOR ATTORNEYS' <u>FEES
AND COSTS BE GRANTED IN PART AND DENIED IN PART</u>

Before the Court, pursuant to a referral by

United States District Judge David Ezra, is Defendant

Allstate Insurance Company's ("Defendant") Motion for

Attorneys' Fees and Costs ("Motion"), filed August 23,

2008.  On August 28, 2008, Defendant filed a Statement

of Consultation.  On August 29, 2008, Defendant filed

an Amended Statement of Consultation.  Plaintiff Thomas

Schmidt ("Plaintiff") has not filed an Opposition.

The Court finds this matter suitable for

disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing Defendant's submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART, and that Defendant be awarded $41,170.15 in attorneys' fees and no costs.[1]

<u>BACKGROUND</u>

As the Court and the parties are familiar with the background of this case, the Court will limit the facts herein to those bearing relevance to the instant Motion.

On August 1, 2005, Plaintiff filed his Complaint alleging breach of contract and bad faith on the part of Defendant for failing to provide Plaintiff, its insured, with property loss benefits for items

---

[1] The Court declines to address costs in this order or recommend an award of costs, as Defendant filed a separate Bill of Costs seeking the same costs requested herein and the Court taxed those costs on September 11, 2008.

stolen from three different properties in Kailua-Kona on four separate occasions: May 6, 2002; December 2003-January 2004; March 1, 2004; and October 24, 2004.

On May 11, 2007, United States District Judge David Ezra issued an order granting in part and denying in part Defendant's motion for summary judgment.  Judge Ezra held as follows: 1) Plaintiff's bad faith claim as related to the May 2002 incident was barred by the statue of limitations; 2) Plaintiff's bad faith and breach of contract claims were barred as to the March 1, 2004 loss; 3) Plaintiff's breach of contract claim as to the May 2002 loss would proceed; and 4) Plaintiff's breach of contract and bad faith claims with respect to the December 2003-January 2004 and October 24, 2004 losses would proceed.

On June 17, 2008, the case proceeded to trial, but ended in a mistrial.

On August 5, 2008, the case again proceeded to trial and concluded on August 8, 2008.  On August 11, 2008, the Court issued an Order Granting Defendant's Motion for Judgment as a Matter of Law.  Judge Ezra

3

determined that Plaintiff, by failing to move the written insurance contract into evidence or present any evidence regarding the terms of the contract, did not present a legally sufficient evidentiary basis to find in his favor with respect to either the bad faith or breach of contract claims.  In addition, Judge Ezra held that Plaintiff did not present reliable evidence concerning the amount of his damages, as Plaintiff's valuation of his property, for which he failed to lay a foundation, would have left the jury to speculate about Plaintiff's losses.

On August 11, 2008, the Clerk entered Judgment in favor of Defendant.

Defendant timely filed this Motion on August 23, 2008.  See Fed. R. Civ. P. 54(d)(2) (requiring that a motion for attorneys' fees be filed "no later than 14 days after the entry of judgment"); Local Rule 54.3(a) (same).

DISCUSSION

I.   Attorneys' Fees

     A.   Entitlement to Attorneys' Fees

          Defendant argues that as the prevailing party

in this action in the nature of assumpsit, it is

entitled to attorneys' fees.  A federal court sitting

in diversity must apply state law in determining

whether the prevailing party is entitled to attorneys'

fees.  See Farmers Ins. Exch. v. Law Offices of Conrado

Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).

Under Hawai'i law, "[o]rdinarily, attorneys' fees

cannot be awarded as damages or costs unless so

provided by statute, stipulation, or agreement."

Stanford Carr Dev. Corp. v. Unity House, Inc., 111

Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation

and quotation marks omitted).

          Defendant seeks an award of fees pursuant to

Hawai'i Revised Statutes ("HRS") § 607-14, which

states, in pertinent part:

          In all the courts, in all actions in the
          nature of assumpsit and in all actions on

5

a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.  A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.  See Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001).

     1.  Prevailing Party

     Section 607-14 states that reasonable attorneys' fee shall be taxed in favor of the prevailing party and against the losing party in an

action in the nature of assumpsit.  The Hawaii courts have noted that "'[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. . . .'"  MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992)) (some alterations in original); see also Village Park Cmty. Ass'n v. Nishimura, 108 Hawai'i 487, 503, 122 P.3d 267, 283 (Haw. Ct. App. 2005) (citation omitted).  Thus, under Hawaii law, in order to be deemed the prevailing party for purposes of § 607-14, Defendant must have obtained final judgment in its favor.  Insofar as the Court entered final judgment in Defendant's favor and against Plaintiff with respect to all claims, Defendant is the prevailing party.

  2.  Nature of the Claims

   The Court's next inquiry is whether the claims are in the nature of assumpsit.  "Assumpsit is a common

law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted); Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'").

However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999). "'[T]he nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'" S. Utsunomiya Enters, Inc. v. Moomuku Country Club, 76 Hawai'i 396, 400, 879 P.2d 501, 505 (1994). It is well-established that

8

"[w]hen there is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit is in assumpsit." Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) (quoting Leslie v. Estate of Tavares, 93 Hawai'i 1, 6, 994 P.2d 1047, 1052 (2000) (citing Healy-Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982))); see also Helfand, 105 F.3d at 537.  "Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit." Id. (citing Healy-Tibbitts, 673 F.2d at 286).

Although the Court looks to the substance of the entire pleading, it must also "determine whether each individual claim alleged in a complaint sounds in assumpsit or tort." Kona Enters. v. Estate of Bernice Pauahi Bishop, 229 F.3d 877, 885 (9th Cir. 2000)

a.   Breach of Contract Claims

In the present case, the Court finds that Plaintiff's breach of contract claims are clearly in the nature of assumpsit. Murakami, 111 Hawai'i at 366,

141 P.3d at 1013; <u>Helfand</u>, 105 F.3d at 537.  Here,

Defendant's alleged failure to perform on the insurance

contract was the basis for the breach of contract

claims.  Accordingly, the breach of contract claims are

in the nature of assumpsit.

> b.  <u>Bad Faith Claims</u>

The remaining question then is whether this

action is in the nature of assumpsit notwithstanding

Plaintiff's bad faith claims.  Defendant argues that

Plaintiff's breach of fiduciary claim is in the nature

of assumpsit because the alleged breach of Defendant's

duties arise directly out of the contract itself, and

the primary gist of the Complaint is that Defendant

breached that contract.  Defendant relies on <u>Kona</u>

<u>Enterprises, Inc. v. Estate of Bishop</u> for this

proposition.[2]

---

[2]  The Court cautions defense counsel to cite to the
appropriate authority when quoting directly from case
law rather than passing off passages in its memorandum
as its own.  For example, Defendant's summary of <u>TSA</u>
<u>International Ltd. v. Shimizu Corp.</u> on page 6-7 of its
memorandum is quoted verbatim from <u>Kona Enterprises</u>,
229 F.3d at 886, but Defendant did not include a
citation.

In <u>Kona Enterprises</u>, the Ninth Circuit held
that "where a party's breach of fiduciary claim is
based on the non-performance or breach of contractual
obligations and the complaint seeks damages flowing
from that non-performance or breach, the claim would
also sound in assumpsit." <u>Kona Enters.</u>, 229 F.3d at
886.  Here, Plaintiff's allegation is that Defendant
acted in bad faith and/or breached its duty of good
faith and fair dealing, not that Defendant breached its
fiduciary duty.  Thus, <u>Kona Enterprises</u> is inapplicable
to the extent it characterizes a breach of fiduciary
duty as sounding in assumpsit.

The Court instead finds <u>Enoka v. AIG Hawaii
Insurance Co., Inc.</u>, 109 Hawai'i 537, 128 P.3d 850
(2006) to be instructive.  In <u>Enoka</u>, the Hawaii Supreme
Court explained that "there is a legal duty, implied in
a first- and third-party insurance contract, that the
insurer must act in good faith in dealing with its
insured, and a breach of that duty of good faith gives
rise to an independent *tort* cause of action."  <u>Id.</u> at

11

549, 128 P.3d at 862 (emphasis added) (quoting <u>Best Place, Inc. v. Penn Am. Ins. Co.</u>, 82 Hawai'i 120, 132, 920 P.2d 334, 346 (1996)).  Of significance in this case, the Court further stated that "*the tort of bad faith* [i.e., breach of the implied covenant of good faith and fair dealing] is not a tortious breach of contract, but rather *a separate and distinct wrong which results from the breach of a duty imposed as a consequence of the relationship established by contract*."  <u>Id.</u> (quoting <u>Best Place</u>, 82 Hawai'i at 131, 920 P.2d at 345).  As a separate and distinct wrong, "the tort of bad faith allows an insured to recover *even if the insurer performs the express covenant to pay claims*."  <u>Id.</u> (emphasis added) (quoting <u>Best Place</u>, 82 Hawai'i at 131, 920 P.2d at 345).

Based on this reasoning, the tort of bad faith would not sound in assumpsit, as it does not require a breach or non-performance of contractual obligations.  Accordingly, the Court finds that Plaintiff's bad faith claim is not in the nature of assumpsit.

3.   <u>Apportionment Between Assumpsit and Non-</u>
<u>assumpsit Claims</u>

Having concluded that Plaintiff's breach of
contract claims are in the nature of assumpsit and his
bad faith claims are not in the nature of assumpsit,
the Court must now determine whether it is practicable
to apportion the award of attorneys' fees between said
claims.  In cases involving both assumpsit and non-
assumpsit claims, "a court must base its award of fees,
if practicable, on an apportionment of the fees claimed
between assumpsit and non-assumpsit claims." <u>TSA</u>, 92
Hawai'i at 264, 990 P.2d at 734 (citation omitted).  In
conducting this analysis, the court must determine
whether each individual claim alleged in the complaint
sounds in assumpsit or in tort and apportion fees
between the assumpsit and non-assumpsit claims if
practicable.  <u>Kona Enters.</u>, 229 F.3d at 885.  However,
in some cases it may be impracticable or impossible to
apportion fees.  <u>See, e.g.</u>, <u>Blair</u>, 96 Hawai'i at 333,
31 P.3d at 190 ("Because the negligence claim in this
case was derived from the alleged implied contract and

was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims."). Thus, under <u>Blair</u>, a court may award reasonable attorneys' fees pursuant to HRS § 607-14 to a party who succeeds on a contract claim that is "inextricably linked" to a tort claim, and decline to apportion fees. <u>Id.</u>

Despite the Court's findings regarding the claims, it cannot practically apportion between the assumpsit and non-assumpsit claims.  Even after a careful review of counsel's detailed billings, the Court is unable to apportion the fees incurred as a result of the breach of contract claim.  Further, the Court finds that under the circumstances of this case, the claims are inextricably intertwined.  Consequently, the Court declines to apportion the fees between the assumpsit and non-assumpsit claims.[3]

---

[3] This result is also equitable given Plaintiff's failure to respond to or oppose the Motion.  It is

14

4.   <u>Applicability of the Twenty-Five Percent
Limitation on Fees</u>

Defendant posits that the 25% limitation on
attorneys' fees does not apply because Plaintiff did
not specify an amount of damages in the Complaint.   The
Court is not persuaded.

The Hawaii Supreme Court has held that:

> HRS § 607-17 and, by implication, its
> successor statute, HRS § 607-14, do not
> arbitrarily deny an award of attorney's
> fees to a defendant merely because the
> circumstances of the lawsuit provide no
> "legally cognizable basis upon which to
> make the mandatory 25% calculation." On
> the contrary, *where it is impossible to
> determine what the judgment would or might
> have been had the plaintiff prevailed
> (e.g., in declaratory judgment actions),
> the defendant may be awarded all of his or
> her reasonable attorney's fees*.

<u>Piedvache v. Knabusch</u>, 88 Hawaiʻi 115, 119, 962 P.2d
374, 378 (1998) (emphasis added).   Discussing <u>Food
Pantry, Ltd. v. Waikiki Business Plaza, Inc.</u>, 58 Haw.
606, 621, 575 P.2d 869 (1978), the <u>Piedvache</u> court

_____

Plaintiff's burden to show that his claims were not in
the nature of assumpsit.   <u>Kona Enters.</u>, 229 F.3d at
885.

noted that it had previously held that the 25%
limitation is inapplicable where success on the claim
"could not result in a money judgment to which the
twenty-five percent limitation could be applied."  Id.
at 119, 962 P.2d at 378.

Under the facts presented in Piedvache, the
court concluded that the 25% limitation applied.
Indeed, the plaintiffs there "prayed for 'damages in an
amount to be proven at trial,' which clearly indicated
that 'monetary liability was at issue.'"  Id. at 120,
962 P.2d at 379.  Furthermore, because the
jurisdictional limit on damages was $20,000.00, the
state district court could not have awarded any greater
amount no matter the extent of the plaintiffs' damages.
Id.

The Ninth Circuit has held that the 25% ceiling
does not apply when a claim does not seek monetary
relief.  Blackburn v. Goettel-Blanton, 898 F.2d 95, 99
(9th Cir. 1990) ("Because Blanton did not seek monetary
relief in the counterclaim, the twenty-five percent

16

ceiling of section 607-17 does not apply.").

Here, Plaintiff sought compensatory, general, and punitive damages in an amount to be determined at trial, which clearly indicates that monetary liability is at issue. Moreover, it cannot be said that it is impossible to determine the amount of judgment had Plaintiff prevailed. Defendant itself acknowledges Plaintiff's claims total $164,680.60. <u>See</u> Mem. in Support of Mot. at 4. The Court recognizes that Plaintiff also requested punitive damages, which might have affected this total had Plaintiff prevailed. However, to the extent that there is a concrete amount of damages from which to calculate the 25% limitation and monetary liability was at the heart of this litigation, the Court finds that the 25% limitation applies.

B.  <u>Calculation of Fees</u>

The Court shall now calculate the reasonableness of the fees requested by Defendant. Hawaii courts calculate reasonable attorneys' fees

17

based on a method that is virtually identical to the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u> <u>DFS Group L.P. v. Paiea Props.</u>, 110 Hawai'i 217, 222, 131 P.3d 500, 505 (2006).  The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  <u>See</u> <u>id.</u> at 222-23, 131 P.3d at 505-06.  In addition, Hawaii courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i, 106 Hawai'i 416, 435, 106 P.3d 339, 358 (2005) (citations omitted).  These factors, however, are merely guides; courts need not consider them in every case.  See id.  In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i, 92 Hawai'i 432, 442, 992 P.2d 127, 137 (2000).

Defendant requests $169,889.30 in attorneys' fees, non-restrained by the 25% cap, or alternatively, $41,170.15 in attorneys' fees with the 25% cap.  The $41,170.15 reflects 25% of the $164,680.60 in damages requested by Plaintiff.  See Haw. Rev. Stat. § 607-14 ("The above fees provided for by this section shall be assessed . . . upon the amount sued for if the defendant obtains judgment.").  Defendant claims to have actually incurred $169,889.30 in attorneys' fees over the course of the litigation.[4]

---

[4]  Defendant's calculations appear to be incorrect, based on the billing entries submitted as Exhibit A.

1.   <u>Reasonable Hourly Rate</u>

Defendant requests the following hourly rates:

1) Kevin Sumida - $140; 2) Lance Au - $115 ; 3) Anthony

Wong - $115; 4) M.D. - $70; and 5) C.B. - $70.[5]   The

Hawaii courts consider the reasonable hourly rate in a

manner virtually identical to the traditional lodestar

formulation and some courts have considered federal law

in determining a reasonable hourly rate.   <u>See</u>, <u>e.g.</u>,

<u>Reiche v. Ferrera</u>, No. 24449, 2003 WL 139608, at *8

(Hawai'i Ct. App. Jan. 16, 2003) ("The reasonable

hourly rate is that prevailing in the community for

similar work." (citing <u>United States v. Metro. Dist.</u>

_____

Thus, the Court's calculations will hereinafter serve
as the requested amount of fees.   Specifically, the
Court's calculation of the attorneys' fees contained in
counsel's billing entries is $169,083.10.

      [5]  Defendant did not identify these individuals
except by initial.   There are also time entries for
individuals with the initials C. and C.S.   Because
these entries are billed at the $70/hour rate
(paralegal rate), the Court will lump all billings
under C., C.S., and C.B. for the purposes of this
Motion.   Counsel's billings for trial practice also
include hours for an individual with the initials J.K.,
but counsel has not identified this individual in the
declaration.   J.K.'s billing rate is $70, which leads
the Court to believe that J.K. is another paralegal.

Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Hawai'i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

In determining what is a reasonable hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); see also Chun, 106 Hawai'i at 435, 106 P.3d at 358 (listing "the customary charges of the Bar for similar services" as a factor that may be considered).  It is the burden of

the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Kevin Sumida has been a member of the Hawaii Bar since 1979 and his primary practice area has been personal injury, insurance coverage, and "bad faith" litigation.  See Mot., Aff. of Kevin Sumida ("Sumida Aff.") at ¶ 4.  Mr. Sumida represents that time entries with the initials M.D. and C.B. are for the work of paralegals.  Id. at ¶ 6.  Further, he represents that the rates charged to Defendant by his firm are low compared to community rates.  Id. at ¶ 8.

Like Mr. Sumida, Anthony Wong and Lance Au have primarily practiced in the area of personal injury, insurance coverage, and "bad faith" litigation.  See Aff. of Anthony Wong at ¶ 4 ("Wong Aff."); Aff. of Lance Au ("Au Aff.") at ¶ 4.  Mr. Wong has been a

22

member of the Hawaii Bar since 1993.  Wong Aff. at ¶ 4.
Mr. Au has been a member of the Hawaii Bar since 1994.
Au Aff. at ¶ 4.

This Court is well aware of the prevailing
rates in the community for similar services performed
by attorneys of comparable experience, skill and
reputation.  Based on this Court's knowledge of the
community's prevailing rates, the hourly rates
generally granted by the Court, the Court's familiarity
with this case, and defense counsel's submissions, this
Court finds that Mr. Sumida's $140 hourly rate; Mr.
Au's $115 hourly rate; and Mr. Wong's $115 hourly rate
are not only manifestly reasonable, but well below the
rates charged by attorneys with similar experience in
the community.  In addition, the Court finds an hourly
rate of $70 to be manifestly reasonable for paralegals
C.B./C.S., M.D., and J.K.

    2.  <u>Reasonable Hours Spent</u>

For the reasoning stated in Section B.1, this
Court finds federal case instructive on the issue of

23

the reasonable number hours expended on the instant case. Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted); see also Sharp v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)). Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc.,

24

801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Defendant asserts that it expended the following hours litigating this action:

A.  Case Development, Background Investigation and Case Administration:  1) Mr. Sumida - 40.6 hours; 2) C./C.S. - 7.5 hours; 3) Mr. Au - 19.6 hours; and 4) M.D. - 0.9 hours.  Ex. A to Mot.

B.  Pleadings: 1) Mr. Sumida - 22.3 hours; Mr. Au - 172.6 hours; and Mr. Wong - 0.4 hours.  Id.

C.  Interrogatories: 1) Mr. Sumida - 0.3 hours; 2) Mr. Au - 2.5 hours.  Id.

D.  Depositions: 1) Mr. Sumida - 11 hours; 2) Mr. Au - 1.8 hours.  Id.

E.  Motions Practice: 1) Mr. Sumida - 20.2 hours; 2) Mr. Au - 155.2 hours.  Id.

F.  Attend Court Hearings: 1) Mr. Sumida - 16.6

hours; 2) Mr. Au - 6.2 hours.  <u>Id.</u>

     G. Trial Preparation: 1) Mr. Sumida - 382.34 hours;

2) Mr. Au - 405.3 hours; 3) Mr. Wong - 15.1 hours; 4)

M.D. - 77.9 hours; 5) C.B./C.S. - 60.6 hours; 6) J.K. -

2.6 hours.

     After careful review of counsel's detailed

billing summary, the Court finds that the hours

expended are largely reasonable.  However, some

reductions are appropriate.  First, several of

counsel's time entries were recorded in the "block

billing" style.  "The term 'block billing' refers to

the time-keeping method by which each lawyer and legal

assistant enters the total daily time spent working on

a case, rather than itemizing the time expended on

specific tasks."  <u>Robinson v. City of Edmond</u>, 160 F.3d

1275, 1284 n.9 (10th Cir. 1998) (citations and

quotation marks omitted).  Block billing entries

generally fail to specify a breakdown of the time spent

on each task.

     District courts have the authority to reduce

26

hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).  See also id. (citing Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness"); see also Hensley, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).  Indeed, it is a challenge to determine the reasonableness of a time entry when it includes several tasks.

In particular, Mr. Au's 8/15/07 time entry totaling 8.6 hours under Case Development constitutes block billing.  Likewise, Mr. Sumida's 6/7/08, 6/10/08, 6/13/08, 6/15/08, and 6/16/08 entries under Trial Preparation include instances of block billing (total

of 64.5 hours).  The Court is therefore unable to
ascertain how they apportioned their time between
various tasks listed under a single time entry.  This
makes it difficult, if not impossible, for the Court to
determine the reasonableness of the hours expended.  As
such, the Court finds that a 10% reduction is
appropriate as to those specific time entries.  The
Court declines to impose a greater reduction in light
of the under-market hourly rate that Mr. Sumida and Mr.
Au have applied to their billings.  A 10% reduction of
Mr. Au's billing results in a 0.86 hour reduction from
the 19.6 hours he expended during the Case Development
stage of the case, for a total of 18.74 hours.  A 10%
reduction of Mr. Sumida's billings results in a 6.45
hour reduction from the 382.34 hours he expended during
the Trial Preparation phase of the case, for a total of
375.89 hours.

Second, the Court finds it appropriate to
exclude one of Mr. Sumida's 5/4/07 time entries –
"Attend hearing on Motion for Summary Judgment before

Judge Ezra," as it appears that it is a duplicate entry.  A review of the docket indicates that the summary judgment hearing lasted for 30 minutes, which leads the Court to believe that one of the two identical entries on 5/4/07 for 2 hours was mistakenly included in the billing entries.  Consequently, the Court reduces the hours expended by Mr. Sumida in the Motions Practice phase by 2 hours, which results in a total of 18.2 hours.

Finally, the Court has excluded the following costs, which were included as part of the attorneys' fees requested:  $11.00 for copies of certified final orders from the DCCA and $126.00 in subpoena services for Damon Schmidt, Esq., Lorinna Schmidt, Waikoloa Beach Marriot, and Dennis Smith.

Other than the foregoing reductions, the Court finds that the hours incurred by defense counsel were reasonable.  The total hours reasonably expended by defense counsel are as follows: 1) Mr. Sumida - 484.90 hours; 2) Mr. Au - 762.34 hours; 3) Mr. Wong - 15.5

29

hours; 4) M.D. - 78.8 hours; 5) C.B./C.S. - 68.1 hours; and 6) J.K. - 2.6 hours.

    3.  <u>Total Fee Award</u>

    Based on the hours expended by defense counsel and their respective hourly rates, the Court hereby finds that attorneys' fees in the amount of $167,801.20 are reasonable.  However, as already determined, the 25% ceiling on attorneys' fees set forth in HRS § 607-14 applies, which limits the award of attorneys' fees to $41,170.15, which is 25% of the $164,680.60 in damages requested by Plaintiff.  Accordingly, the Court recommends that the district court award Defendant $41,170.15 in attorneys' fees.

<u>CONCLUSION</u>

    For the foregoing reasons, this Court, acting as Special Master, FINDS and RECOMMENDS that Defendant's Motion for Attorneys' Fees and Costs, filed August 23, 2008, be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Defendant $41,170.15 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 29, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

SCHMIDT V. ALLSTATE INSURANCE CO., ET AL.; CIVIL NO. 05-00480 DAE-KSC;
REPORT OF SPECIAL MASTER RECOMMENDING THAT DEFENDANT ALLSTATE
INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES AND COSTS BE GRANTED IN
PART AND DENIED IN PART